IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _____ D.C.
DEC 22 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

DARRYL RICHARDSON,

    Petitioner,

VS.                      Case No. 09-22349-CIV-SEITZ
                                    04-20705-CR-SEITZ

UNITED STATES OF AMERICA,

    Respondent.

**MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 6, GOVERNING 28 U.S.C. §2255 PROCEEDINGS**

**TO THE HONORABLE JUDGE JONATHAN GOODMAN:**

    **COMES NOW DARRYL RICHARDSON,** the petitioner, pro se, and respectfully seeks leave of this Honorable Court to conduct discovery and production of documents pursuant to Rule 6(a)&(b), governing 28 U.S.C. §2255 proceedings. Petitioner will show the Court as follows:

    1. Petitioner filed a detailed §2255 motion asserting defense counsel provide constitutionally ineffective assistance of counsel for failure to investigate, interview, call witnesses and present evidence to prove that several government witnesses "jumped on Mr. Richardson's case" by providing false testimony to obtain a Rule 35(b) sentence reduction. **See §2255 M.B. at pages 9, 10, 24-35.**

    2. Mr. Richardson requested counsel Arroyave to subpoena Robbie Horton, Marvin Griffin, Roshawn Davis and Keith Biggins to his second and third trial and to investigate other witnesses in order to prove that those government witnesses jumped on Mr.

1

Richardson's case. See **§2255 M.B.** at p. 28 ¶2. See also **Exhibit "A"** Darryl Richardson's affidavit.

3. One of the witnesses Keith Lapell Biggins who Mr. Richardson requested counsel Arroyave to interview had wrote a couple letters to Mr. Richardson, after his second trial urging him to have his attorney Oscar Arroyave to interview him (Keith Biggins) because he could expose how the government witnesses were engaging in a pattern of misconduct to obtain a Rule 35(b) sentence reduction by providing false testimony against Mr. Richardson. Mr. Richardson provided a copy of Keith Biggins' letters to counsel Arroyave and requested that he interview and subpoena Mr. Biggins. Counsel Arroyave did neither. See **§2255 Memorandum Brief** at page 28 ¶3. See also **Exhibit "A"** Mr. Richardson's affidavit.

4. Mr. Richardson provided the court with an affidavit from Keith Lapell Biggins (**Exhibit B** attached hereto and to his §2255 motion), which detailed how Rocky Marshall, Norris Benton, Robbie Horton and Lamont Harrison "jumped on Mr. Richardson's case." Most of these individuals had to look at a picture of Darryl Richardson, which was posted on Keith Biggins' bulletin board in his cell in order to identify Mr. Richardson in court. Counsel Arroyave failed to interview Mr. Biggins although he (counsel Arroyave) was proceeding with the bad faith defense on the government because several of the government witnesses jumped on Mr. Richardson's case.

5. Mr. Richardson advised counsel Arroyave that the individuals who jumped on Mr. Richardson case had to obtain there information from Marvin Griffin and demanded that counsel

2

Arroyave interview and subpoena Marvin Griffin as a witnesses. **See §2255 M.B. at p. 28 ¶2. See also Exhibit "A"** Affidavit of Darryl Richardson. It should be noted that Mr. Biggins' affidavit has several of the above listed witnesses conspiring with Marvin Griffin to conviction Mr. Richardson. **See Exhibit "B".**

6. On October 22, 2010, trial counsel Oscar Arroyave wrote Mr. Richardson a letter and stated: "I want you to know that I think about your <u>case all the time and I still can't believe how all of those cooperating witness[es] manipulated the system to help the government convict you.</u>" Defense counsel Arroyave letter enclosed an article in USA Today regarding prosecutorial misconduct that I thought would be of interest to you. Counsel Arroyave letter stated: "I suspect that you might have already read it. The article is about the case 'Nino' Lyons. As a result of the prosecutor's misconduct, Lyon's spent three years in jail before he was exonerated by the judge. Apparently, <u>the government used several lying snitches</u> to obtain <u>his conviction (sounds familiar?)</u> In many regards, you could substitute your name for the name Nino Lyons and it would be the same situation that we encountered in your trial." **(Emphasis added). See Exhibit "1"** Oscar Arroyave's letter dated October 22, 2010, attached hereto and made part of this motion by reference herein.

7. Mr. Richardson requests that the Court to order the United States Attorney's Office for the Southern District of Florida to disclose to Mr. Richardson, all DEA 6 Reports, FBI Reports, documents, letters, statements and recordings in the United States' possession related to Marvin Griffin, Keith Biggins, Rocky Marshall, Norris Benton, Gregory Barnes, Jerdy

3

Miller, Robbie Horton, Derrick Blake, Christopher Mitchell, Roshawn Davis and Lamont Harrison, and its agents and agencies. The requested discover will show that the United States withheld **Brady** material from the defense and will establish that the United States knew that some of its witnesses were lying but choose to use them anyway. This will support Mr. Richardson's claims that counsel's failure to investigate, interview, and call witnesses constituted ineffective assistance of counsel which deprived him of a fair trial.

8. Good cause exists because these documents should have been made available to the defense when the United States determined that some of its witnesses were lying and choose not to call those witnesses in the second or third trial. According to the United States they made a determination that Roshawn Davis was lying in the second trial and did not call him in the third trial. This determination must be documented and in possession of the United States just like the other witnesses that they choose not to call during the second and third trial. Because this evidence is material it should have been disclosed to the defense during trial which probably would have conflicted with other witnesses testimony and could have cast doubt on the prosecution's theory of case and been used for impeachment purposes. The United States picked its select witnesses for the third trial and refused to disclose a massive amount of **Brady material**. Mr. Richardson is entitled to disclosure of all of the records related to the above listed individuals to support his constitutional claims raised in his §2255 motion.

**WHEREFORE** based on the above, **DARRYL RICHARDSON,** urges this Court to **GRANT** this motion and to appoint counsel for the disclosure.

Respectfully submitted on this 20 day of December 2010.

*/s/ Darryl Richardson*
DARRYL RICHARDSON
PRO SE REPRESENTATION
2680 HWY 301 SOUTH
JESUP, GEORGIA 31599

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this foregoing instrument has been mailed with first class postage prepaid affixed thereto on this 20 day of December 2010, by hand delivering a copy of the same to the mail room Staff at the Federal Correctional Institution, Jesup, Georgia, for processing through the internal legal mail system address to: Assistant United States Attorney, Karen E. Rochlin, 99 N.E. 4th Street, Miami, FL 33132.

Executed on this 20 day of December 2010.

*/s/ Darryl Richardson*
DARRYL RICHARDSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

---

DARRYL RICHARDSON

VS.                                              Case No. 09-22349-CIV-SEITZ
                                                          04-20705-CR-SEITZ
UNITED STATES OF AMERICA

---

### ORDER

The matter of Darryl Richardson's motion for discovery and production of documemnts under Rule 6 governing 28 U.S.C. §2255 proceedings, came under consideration on this date. The Court finds that the motion should be **GRANTED**.

**IT IS HEREBY ORDERED** that the United States' shall disclose all **Brady** material, including but not limited to DEA Reports, FBI Reports, statements, letters, documents and recordings related to Marvin Griffin, Keith Biggins, Rocky Marshall, Norris Benton, Gregory Barnes, Jerdy Miller, Robbie Horton, Derrick Blake, Christopher Mitchell, Roshawn Davis, and Lamont Harrison to Mr. Richardson. The Court hereby appoints attorney _____ to represent Mr. Richardson.

Thus, done on this on this ___ day of _____ 201__.

> **UNITED STATES MAGISTRATE JUDGE**
> **JONATHAN GOODMAN**