```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA

                     CASE NO. 09-22349-CIV-SEITZ
                              04-20705-CR-SEITZ

                       Magistrate Judge Goodman
DARRYL RICHARDSON,

     v.

UNITED STATES OF AMERICA
                                    /
```

GOVERNMENT'S RESPONSE IN OPPOSITION TO MOVANT'S
MOTION FOR DISCOVERY AND PRODUCTION OF DOCUMENTS

The United States of America respectfully submits that movant's Motion For Discovery And Production Of Documents, D.E. 30, and its accompanying memoradum of law, D.E. 31, are without merit, and should be denied, for the following reasons:

1. After two juries deadlocked, movant was convicted for conspiring to distribute cocaine. The court of appeals affirmed his conviction, and movant has attempted to seek relief pursuant to 28 U.S.C. §2255. Movant now demands discovery in an effort to support his claims.

2. As part of his §2255 petition, movant claimed his attorney was ineffective for failing to call certain witnesses who would allegedly show that government witnesses fabricated their testimony and lacked direct knowledge of movant's cocaine trafficking.

3. In the instant motion, movant makes an overbroad and non-specific demand for:

> all typed, written or electronic versions of

1

>   any and all e-mails, letters, DEA Reports, and
>   FBI reports related to Marvin Griffin, Keith
>   Biggins, Rocky Marshall, Norris Benton,
>   Gregory Barnes, Jerdy Miller, Robbie Horton,
>   Derrick Blake, Christopher Mitchell, Roshawn
>   Davis, and Lamont Harrison.

D.E. 31:2. He also demands all documents, letters, statements and recordings related to the same list of individuals. D.E. 30:3-4. Of the listed individuals, two (Biggins and Griffin) never testified in any of movant's trials. Seven (Marshall, Benton, Barnes, Miller, Blake, Mitchell and Harrison) testified in the trial resulting in movant's conviction. Two (Horton and Davis) testified prior to but not during the trial where movant was convicted.

    4. Under Rule 6 of the Rules Governing Section 2255 Proceedings, a judge "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principals of law." Rule 6(a). The party seeking discovery "must provide reasons for the request" and "must specify any requested documents." Rule 6(b).

    5. Movant's demand for unspecified documents, in whatever form, relating to a list of witnesses and non-witnesses fails to meet Rule 6's requirement for specificity and is therefore deficient. See United States v. Garcia, CR S-02-0519 at *4 (E.D. Cal. Jan. 11, 2010)(available at 2010 WL 144860)(denying discovery

of any documents in trial counsel's file which may be relevant to Section 2255 motion; request was insufficiently specific and "appears to be in the nature of a fishing expedition"); <u>United States v. Naha</u>, 04-977 at *8 (D. Ariz. Jan. 11, 2007)(available at 2007 WL 91614) (request for discovery directed at evidence of prosecutorial misconduct based on use of perjured testimony; absent "a clearly articulated scope for the discovery sought, the Court is unable to grant Movant's request"); <u>see</u> <u>also</u> <u>Teti v. Bender</u>, 507 F.3d 50, 60. (1st Cir. 2007)("A habeas proceeding is not a fishing expedition" and generalized discovery request did not meet requirements of rule). Because movant has failed to establish a necessary requirement for discovery, his motion should be denied.

6. Moreover, a habeas petitioner "is not entitled to discovery as a matter of course." <u>Isaacs v. Head</u>, 300 F.3d 1232, 1248 (11th Cir. 2002)(citing <u>Bracey v Gramley</u>, 520 U.S. 899, 904 (1997)). Instead, federal habeas petitioners only have access to discovery if they can make a showing of good cause. <u>Id</u>.; Rule 6(a), Rules Governing Section 2255 Proceedings. Good cause exists where a court receives specific allegations, which, if fully developed, reflect that a petitioner may be entitled to relief. 300 F.3d at 1248. Movant has not meet this standard.

7. The discovery movant seeks allegedly relates to his attorney's decision not to call certain witnesses. Which witnesses, if any, to call, and when to call them, is the "epitome

of a strategic decision" and one which a court will seldom, if ever, second guess.  Conklin v. Schofield, 366 F.3d 1191, 1204 (11th Cir. 2004). Contrary to what movant suggests, an attorney has no absolute duty to investigate certain facts or a particular line of defense.  Streeter v. United States, 08-13621, slip op. at *4 (11th Cir. June 30, 2009(available at 2009 WL 1854815). See also Demar v. United States, 228 Fed.Appx. 940, 951-52 (11th Cir. 2006)(defense counsel's failure to establish prosecution witness' willingness to change testimony for money, and to call defense witness for that purpose, was not ineffective assistance). For all of the reasons provided in the government's response to movant's original petition, D.E. 8:24-32, movant has failed to show good cause.

8. Other than a newspaper account of prosecutorial misconduct in an unrelated case in the Middle District of Florida, movant's support for discovery consists of allegations from a convicted trafficker named Keith Biggins.  Biggins, in an affidavit attached to D.E. 31, alleges that he displayed movant's photograph in his cell, but concedes that one witness against movant (Lamont Harrison) did not need the photograph to identify movant.  D.E. 31:9.  The affidavit is unclear as to what other witnesses relied on the photograph rather than their own personal knowledge of movant.  The remainder of the allegations in Biggin's affidavit consist of inadmissible hearsay.  Since his allegations were no

4

more than hearsay, movant cannot prove that his counsel was ineffective for declining to call Biggins to provide inadmissible testimony during his trial.  For these factual reasons, movant has failed to show good cause in support of his motion.

9. As a final matter, the prosecution notes that there are no written materials reflecting that government witnesses lied during movant's trial; that government witnesses identified movant from a photograph displayed by Keith Biggins; or that government witnesses based their testimony on information provided by other inmates as opposed to their personal knowledge.

10. For all of the foregoing reasons, the motion for discovery should be denied.

          Respectfully submitted,

          WIFREDO A. FERRER
          UNITED STATES ATTORNEY

By: S/ Karen E. Rochlin
    KAREN E. ROCHLIN
    ASSISTANT U.S. ATTORNEY
    99 N.E. 4th Street
    Miami, Florida 33132
    (305) 961-9234
    (305) 530-6168 (fax)
    Court I.D. No. A5500050

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF and by mail this 28th day of December, 2010, on Darryl Richardson, No. 63986-004, FCI Jesup, 2680 Highway 301 South, Jesup, GA 31599.

S/ Karen E. Rochlin
KAREN E. ROCHLIN