UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-22349-CIV-SEITZ/GOODMAN
(04-CR-20705-SEITZ)

DARRYL RICHARDSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

### ORDER DENYING MOTION FOR DISCOVERY AND REQUESTING CLARIFICATION FROM THE UNITED STATES

THIS MATTER is before the Court on Richardson's Motion for Discovery and Production of Documents Pursuant to Rule 6, Governing 28 U.S.C. § 2255 Proceedings.[1] (DE# 30.)  For the reasons given below, Richardson's motion is **DENIED**.

**I.   INTRODUCTION**

This case involves a motion filed under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence filed by Darryl Richardson, who is presently incarcerated in the Federal Correctional Institution in Miami.  (DE# 1; DE# 35.)  Richardson was convicted of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846 and sentenced to 360 months imprisonment.  (CR-DE# 187.)

---

[1] This case was originally referred to Magistrate Judge Patrick A. White for a ruling on all pre-trial, non-dispositive matters and for a report and recommendations on any dispositive matters.  (DE# 2.)  Magistrate Judge White subsequently transferred his referral to me pursuant to Administrative Order 2010-79.

1

In his motion for discovery, Richardson "requests that the Court order the United States Attorney's Office for the Southern District of Florida to disclose to Mr. Richardson all DEA 6 reports, FBI Reports, documents, letters, statements and recordings in the United States' possession related to Marvin Griffin, Keith Biggins, Rocky Marshall, Norris Benton, Gregory Barnes, Jerdy Miller, Robbie Horton, Derrick Blake, Christopher Mitchell, Roshawn Davis and Lamont Harrison, and its agents and agencies."  (DE# 30, pp. 3-4.)

According to Richardson, the "requested discovery will show that the United States withheld Brady material from the defense and will establish that the United States knew that some of its witnesses were lying but choose to use them anyway.  This will support Mr. Richardson's claims that counsel's failure to investigate, interview, and call witnesses constituted ineffective assistance of counsel which deprived him of a fair trial."  (*Id.* at p. 4.)  Richardson also contends that these materials "probably would have conflicted with other witnesses [sic] testimony and could have cast doubt on the prosecution's theory of the case and been used for impeachment purposes."  (*Id.*)

Richardson also supports his discovery motion with an October 22, 2010 letter from his trial counsel.  In this letter to his client, Richardson's trial counsel says he "still can't believe how all of those cooperating witness [sic] manipulated the system to help the government convict you."  (DE# 31, p. 4.)  His counsel's letter also refers to an article about a Middle District case where the government "[a]pparently . . . used several lying snitches" to obtain a conviction – and then concludes that the case is "the same situation that we encountered in your trial."

2

He ends his letter by speculating that the witnesses who testified against Richardson "might be willing to be interviewed" in "a few years" and might be able to shed light on "whether or not the prosecutors held back any exculpatory evidence."

The government objected to Richardson's request on the ground that it is overly broad and insufficiently specific. (DE# 32.) It also explained that the requested discovery request would be unhelpful in practical terms because "there are no written materials" concerning several broad subjects raised in Richardson's motion and related to his trial. (DE# 32, p. 5.)

In its response, the government does not explain or suggest how it can now say with unequivocal certainty, five years after the January 2006 trial,[2] that there are no written materials concerning Richardson's allegations that the government knowingly used perjured testimony or that the government withheld *Brady* material.[3] Therefore, the government shall file a notice, within 10 days of this Order, explaining whether its representation concerning the non-existence of documents was based on trial counsel's general recollection of the file five years after the trial ended or a current review of the file. If the government's "there-are-no-written-materials" representation was based merely on a recollection not

---

[2] The trial ended on January 30, 2006 and the government's response to the discovery motion in this habeas petition was filed on December 28, 2010, one month shy of five years after the jury reached a verdict.

[3] Specifically, the government's summary-type explanation about the non-existence of written materials concerns documents which would reflect that (1) "government witnesses lied during movant's trial," (2) "that government witnesses identified movant from a photograph displayed by Keith Biggins," or (3) "that government witnesses based their testimony on information provided by other inmates as opposed to their personal knowledge."

supported or bolstered by a specific file review made at or around the time of the December 28, 2010 representation, then the government shall clearly explain so in its notice.

In reply to the government's opposition to his discovery motion, Richardson slightly narrowed his request to the same documents concerning only "Marvin Griffin and Keith Biggins, whom the government interviewed and debriefed concerning Darryl Richardson."  (DE# 33, p. 1.)

## II.     LEGAL STANDARDS

A movant is not entitled to discovery in a § 2255 proceeding as a matter of course.  *Deverso v. United States*, Nos. 2:09-cv-660-FtM-29SPC, 2:05-cr-034-FtM-29SPC, 2011 WL 550205 (M.D. Fla. Feb. 9, 2011).  *See also Cotter v. United States*, Nos. 3:10-cv-1075-J-20TEM, 3:08-cr-326-J-20TEM, 2011 WL 133467, at *1 (M.D. Fla. Jan. 14, 2011) (no fishing expeditions allowed for evidence to support potential new § 2255 claims); *Jernigan v. United States*, Nos. 5:00-CR-3-2-(WDO), 5:04-CV-293-1-(WDO) (M.D. Ga. July 20, 2006) (denying request for discovery because it was really an attempt to present new evidence and retry the underlying criminal case).

Despite this general prohibition against discovery, Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts allows discovery under limited circumstances.  Under Rule 6(a), a "judge may, for good cause, authorize a party to conduct discovery."  To show "good cause," the requesting party "must provide [specific] reasons for the request."  *Id.* at 6(b). "'[W]here specific allegations before the court show reason to believe that the

4

petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'"  *Deverso*, 2011 WL 550205 at *21 (quoting *Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002)).  *Accord Lecroy v. United States*, No. 2:02-CR-00038-RWS, 2009 WL 973564 (N.D. Ga. April 9, 2009).

### III.   ANALYSIS

Richardson's request for discovery is denied.  The requested discovery is not directly related to any of his § 2255 claims.

Richardson attempts to link his discovery request with the claim in his § 2255 motion that he received ineffective assistance of counsel when his counsel allegedly failed to investigate, interview, and call as witnesses on his behalf Robbie Horton, Marvin Griffin, Roshawn Davis, and Keith Biggins, or to "investigate other witnesses." (DE# 1, p. 41.)  Essentially, Richardson claims in his § 2255 motion that he advised his counsel that these men could testify that certain government witnesses either made up their testimony or learned what to say from others and that they cooperated with the government in order to receive reduced sentences in their own cases.  (*See generally id.* at pp. 41-47.)

But, as described above, Richardson believes the discovery he seeks will provide evidence that the government withheld *Brady* material at his trial.  The *question of whether the government withheld Brady evidence is entirely* separate from the question of whether his counsel was ineffective for failing to investigate,

5

interview, or call certain witnesses, including those witnesses identified in both the § 2255 motion claim and the discovery motion.

Whether Richardson's counsel performed deficiently depends on the facts available to counsel at the time he made the challenged decisions. "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it." *Dingle v. Secretary for Dep't of Corrs.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (internal quotation marks and citation omitted).

Richardson presents some evidence in his § 2255 motion that he believes shows his counsel was aware that other witnesses existed and should have been investigated and called to testify at trial, but were not. Specifically, Richardson attached an affidavit from Keith Biggins wherein Mr. Biggins claims he tried to offer his testimony in support of Richardson at trial but counsel never contacted him.[4] (DE# 101, pp. 6-7.) The Court has not yet reached a decision on this ineffective assistance claim and, by discussing Richardson's evidence here, is not suggesting one way or the other whether Richardson can prevail on his claim. But it is important to note that, unlike the requested discovery, Biggins' affidavit is the type of evidence that theoretically *could* speak to whether counsel performed deficiently. That is because it purports to reflect what counsel knew when he made his decision not to investigate the additional witnesses.

---

[4]  Richardson has also filed a similar affidavit from Marvin Griffin, but this affidavit is offered as an exhibit to a motion to supplement. (DE# 36.) The Court is awaiting a response from the government to that motion and, if the motion is granted, will also consider that affidavit with regard to this claim.

6

In contrast, the discovery Richardson seeks (if it exists and contains the information alleged) would only reflect on Richardson's guilt or innocence or on prosecutorial misconduct.  Richardson offers no good cause to support a belief that his counsel knew about any additional *Brady* material but failed to seek the material.  More importantly, even if the requested discovery did show this (which Richardson does not actually argue), Richardson does not make a claim in his § 2255 petition that he received ineffective assistance because his counsel failed to pursue known undisclosed *Brady* material.[5]  Discovery under Rule 6 is allowed solely to support existing claims that a petitioner actually made.  *United States v. Hollis*, No. 3:04-cr-00140-HRH-JDR, 2010 WL 892196, at *1 (D. Alaska March 10, 2010) (holding discovery requests made under Rule 6 "should be denied if a Defendant does not state . . . how they [will] help him prosecute his section 2255 motion") (brackets in original; internal quotation marks and citations omitted).

---

[5]  The Court understands that the §2255 petition does not directly raise issues which might render relevant the existence or non-existence of the discovery materials which the government volunteered, in its response, do not exist.  Nevertheless, the representation was somewhat cryptic and puzzling and the Court believes further clarification is warranted.

## IV. CONCLUSIONS

Richardson's motion for discovery (DE# 30) is **DENIED**. The requested discovery is not directly related to any of his § 2255 claims.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 11th day of July, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

**The Honorable Patricia A. Seitz**

**All counsel of record**

**Darryl Richardson,** *pro se*
Reg. No. 63986-004
Federal Correctional Institution
PO BOX 779800
Miami, FL 33177