UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22349-CIV-SEITZ/GOODMAN
(04-CR-20705-SEITZ)

DARRYL RICHARDSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER DENYING RICHARDSON'S MOTION TO REJECT GOVERNMENT'S SUPPLEMENTAL BRIEFING RESPONSE AS DEFICIENT AND UNTIMELY

THIS MATTER is before the Court on Plaintiff Darryl Richardson's Motion to Reject Government's Supplemental Briefing Response as Deficient and Untimely. [ECF No. 50]. For the reasons below, the Court **DENIES** Richardson's motion.

### I. INTRODUCTION

On April 18, 2012, Richardson filed a motion for leave to supplement his section 2255 motion with a brief on the recent Supreme Court decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). [ECF No. 45]. The Undersigned granted his motion and ordered the parties to file memoranda discussing the impact they believe the *Lafler* case has on Richardson's claims. [ECF Nos. 46; 47]. The parties complied by filing the required memoranda. [ECF Nos. 48; 49]. In his latest motion, however, Richardson urges the Court "to reject the Government's supplemental briefing response as deficient and untimely" because he contends the prosecutor served the memorandum out of time and did not sign it.

## II. ANALYSIS

### a. TIME FOR SERVICE

Richardson correctly points out that the government had twenty days to file its memorandum and that the twentieth day fell on May 13, 2012. However, a review of the docket indicates that the government complied with this deadline by filing the memorandum on May 14, 2012. [ECF No. 49]. This is because May 13, 2012 was a Sunday and, therefore, under the applicable rules, the deadline was extended to the next business day.

As to the date of service, the government concedes that it did not mail its memorandum to Richardson the same day it was filed. However, the prosecutor states that she requested that it be mailed on that date and was unaware that her request was not granted until she received a copy of Richardson's motion. Given that (1) the Court's order requiring this filing did not permit Richardson to reply, (2) Richardson has not contended these deficiencies prejudiced him in any way, and (3) the Court has been flexible in permitting Richardson to make various filings not specifically authorized under the rules governing section 2255 motions, the Court will exercise its discretion and consider the government's memorandum despite the fact the government served it out of time.

### b. SIGNATURE

Richardson also argues that the Court should disregard the government's memorandum because the prosecutor did not sign it. On both the copy of the document actually filed and the copy attached as an exhibit to Richardson's motion, the prosecutor's signature block appears in pertinent part as follows:

<u>S/</u>
Karen E. Rochlin

The prosecutor contends that this format complies with Southern District of Florida CM/ECF Administrative Procedure 3J(1) (Effective December 1, 2011). Procedure 3J states in pertinent part as follows:

### 3J. Signatures and Affidavits or Declarations

### (1) Attorney's Signature Block

A document filed electronically, requiring an attorney's signature, shall be signed according to the format below. An "s/" signature has the same force and effect as an original signature.

**s/Pat T. Lawyer**
Pat T. Lawyer

The Court notes that the general practice in this District is to sign electronic filings as follows:

<u>s/Pat T. Lawyer</u>
Pat. T. Lawyer

However, the Court is also aware that in the past certain judges in this District have preferred, or at least accepted, the style used by the prosecutor in this case. Given the variety of acceptable practices, the Court will not reject the government's brief due to its use of a less common, but acceptable, signature block style.

3

### III.   CONCLUSION

For the reasons above, the Court **DENIES** Richardson's motion.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this ___ day of _____, 2012.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Patricia A. Seitz
All counsel of record
Darryl Richardson, *pro se*

4